(No. 3686—▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

EDITH DENGES, WIDOW OF CHARLES R. DENGES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Supplemental opinion filed November 13, 1945.*

6

DAMRON, J.

On February 19, 1942, claimant, Charles R. Denges, filed his complaint, in this court, seeking an award under the provisions of the Workmen's Compensation Act.

The Attorney General filed a motion to dimiss the complaint, for the reason that the complaint failed to show a demand for compensation was made on respondent within six months after the accident, as required under Section 24 of the Compensation Act.

At the March term, 1944, of this court, we delivered an opinion sustaining the motion of the Attorney General, and complaint was dismissed for lack of jurisdiction.

On April 12, 1944, the claimant filed a motion for re-hearing in said cause, and on May 9, 1944, re-hearing was granted.

On the 26th day of December, 1944, the Department of Public Works and Buildings (Division of Highways), filed an additional report, in this court, which shows that claimant did comply with the provisions of Section 24 of the Act, in that he had reported to one William E. Johnson, his foreman, on the day he was injured, and under Rule 21 of this court, this report is accepted as prima facie evidence.

On February 28, 1945, the Trust Company of Chicago, as administrator, filed a suggestion of death, showing that claimant, Charles Denges, had departed this life on the 7th day of May, 1944, and on the 20th day of March, 1945, the said administrator filed a motion to be substituted as claimant in the above entitled proceedings.

On October 26th, 1945, an amended and supplemental claim was filed by Edith Denges, as widow of Charles R. Denges, deceased, which is now under consideration by this court. Said amended complaint sets up all the mate-

rial allegations of the complaint, heretofore filed by Charles R. Denges, deceased, and, in addition thereto, shows that the said Charles R. Denges died on May 7, 1944, of carcinoma of the breast and pleural carcinoma metastases, which directly and proximately resulted from the injury received by him in the course of his employment for the respondent on the 23rd day of July, 1941.

This complaint further shows, and the allegations are corroborated by the report of the Division of Highways, as aforesaid, that claimant left surviving him his widow, Edith Denges, now the claimant, as the sole and only dependent.

All of the facts having heretofore been set out in our former opinion, we will not resort to a repetition, but briefly state that Charles R. Denges was in the employ of the respondent, in the Division of Highways, in the capacity of a laborer, receiving a wage of 60c per hour, for an eight hour day, being employed each week five and one-half days.

On the 23rd day of July, 1941, while in the act of prying loose a broken piece of concrete on the road surface of Grand Avenue, a state highway approximately one mile west of Wolf Road, in Cook County, Illinois, the crow bar slipped, and the upper portion of the handle hit the claimant a hard blow on the right nipple of his chest; he was treated for said injury at the Oak Park Hospital, Oak Park, Illinois, by Dr. Louis River, but continued work until the 19th day of October, 1941, receiving his full wages during that time. On that day he ceased to be an employee of the Division.

The evidence discloses that cancer of the breast developed from this injury; that he received numerous x-ray treatments in order to relieve himself of this con-

dition, which failed to so relieve him. Claimant died, as a result of his injuries, on May 7, 1944, as aforesaid.

After a full consideration of this record, the court makes the following findings:

That claimant and respondent were, on the 23rd day of July, 1941, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned, said claimant sustained accidental injuries which arose out of and in the course of his employment, from which he died; that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent, within the time required by the provisions of Section 24 of said Act; that the earnings of said claimant, at the time of his injury, were 60c per hour for an eight hour day, five and one-half days per week.

The evidence discloses that employees of the respondent, doing similar work of claimant's intestate, worked for respondent less than 200 days per year.

His weekly wage, therefore, would be $18.46, making his compensation rate amount to the sum of $10.15, as provided in Section 8, paragraph (L) of the Workmen's Compensation Act (Rev. Stat. 1941).

An award is, therefore, hereby entered in favor of the claimant, Edith Denges, as the dependent widow of Charles R. Denges, deceased, in the sum of $4224.00, as provided in Section 7, par. (A-K) of the Workmen's Compensation Act, as amended.

There has now accrued up to November 13, 1945 the sum of $2153.25, being 212 1/7 weeks, at $10.15, which is payable in a lump sum forthwith; the remainder, $2,-070.75, to be paid to her weekly, at the rate of $10.15, with a balance of $0.15.

Such future payments being subject to the terms of

the Workmen's Compensation Act of Illinois, jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees," and is payable, upon approval, from the appropriation from the Road Fund in the manner provided in such act.

This record discloses that claimant incurred medical and hospital bills, including x-ray treatments, which were not authorized by the respondent. Claim for these medical expenses, therefore, cannot be allowed.